JOSEPH SMITH COMPANY *vs.* BERNARD McGUINNESS *et al.*

An "irrevocable power of attorney" to collect rents, given as security for money loaned, is between the parties an equitable mortgage of the rents.

Such a power of attorney executed by a married woman and acknowledged in the statutory form for a married woman's deed is valid against her.

A., and B. his wife, mortgaged certain realty to C. with power of sale. Subsequently A., B., and C. gave to D. an "irrevocable power of attorney," acknowledged by B. in the statutory form for married women, empowering D. to collect the rents till they should repay advances made by D. to A. and B., which had been expended in improving the realty. After default in the conditions of the mortgage an assignee of C. advertised the estate at auction under the power of sale and without mentioning the power of attorney. At the sale D. gave notice of his claim under the power of attorney, and C. denied the validity of the claim. D. purchased the estate, and tendered in payment the amount of his bid less the amount due him for his advances after crediting against them his collections under the power of attorney. The tender was refused, and D. filed a bill for specific performance, stating the facts and charging that C.'s assignee was merely C.'s agent for the sale. The bill was demurred to.

*Held*, that the demurrer could not be sustained.

*Held*, further, that the realty was not sold subject to the power of attorney.

*Held*, further, that the purchaser was entitled to deduct from the purchase money an amount equal to his unpaid advances.

BILL IN EQUITY for specific performance. On demurrer to the bill.

*January* 12, 1883. DURFEE, C. J. The question for decision arises in this wise: On May 2, 1881, Joseph Perry, and Mary his wife, being owners in fee of a lot of land in the town of Lincoln, subject to a mortgage for $300, mortgaged it to the defendant McGuinness to secure the payment of their joint note for $1,700 money lent, payable in one year with interest semi annually in advance. The mortgage had the usual power of sale. The $1,700 were lent to the Perrys to enable them to build a house on their lot, but, proving insufficient, the Perrys applied to the complainants on May 31, 1881, for materials to finish the house, and the complainants, on receiving an instrument in writing as security, agreed to and did furnish the same. The instrument purported to be a power of attorney irrevocable for the complainants to collect the rents of the house then building, until they could accumulate therefrom money enough to pay them what was already due them from the Perrys and what should afterwards become due for materials. It was signed, sealed, and duly acknowledged by the Perrys, and signed and sealed by McGuinness. The complainants, under it, entered into receipt of the rents August 1, 1881, and continued in receipt until December 9, 1881, at which time the amount due for materials less rent received was $421.57. On November 2, 1881, the Perrys failed to pay the interest then due on their mortgage note to McGuinness. On November 14 McGuinness assigned the mortgage to the defendant Armstrong, who took it, the bill alleges, simply as his agent for the purpose of selling. The lot was advertised to be sold subject to the $300 mortgage on December 9, 1881, but the advertisement made no mention of the power given to the complainants. One of the complainants attended the sale and gave notice of their claim under the power. McGuinness, who was present, directing the sale, denied their right and proceeded with the sale. The complainants purchased the lot for $1,900, and on December 14, tendered $1,478.43 for it, being $1,900 less the amount remaining due for materials. McGuinness, who had the deed, refused to deliver it unless the entire $1,900 were paid. Hence this suit, which is a suit for specific performance, and now comes before us on demurrer.

The defendants contend that they are entitled to the $1,900 without abatement because the power was void or ineffectual to bind the land, and if it was not ineffectual, then because the complainants bought subject to it. We think the power was valid, and, being irrevocable by its terms, was in equity, as between the parties to it, tantamount to a mortgage of the rents or to a covenant or agreement securing the rents to the complainants for their payment. *Abbott* v. *Stratten*, 3 Jones & L. 603; also 9 Irish Eq. 233; *Whitworth* v. *Gaugain*, 3 Hare, 416, 421; *Raymond* v. *Squire*, 11 Johns. Rep. 47; *Knapp* v. *Alvord*, 10 Paige, 205; *Hunt* v. *Rousmanier*, 8 Wheat. 174. In the first named of these cases it was held that such a power was an equitable mortgage, and as such binding on the property, not only as between the parties, but also, in England and Ireland, even as against subsequent judgment creditors. The only thing here which induces us to question the power is that one of its makers is a married woman. But if we regard the instrument according to its effect, with a view to carry out its intention, as we think we ought to do, we see no reason why it is not valid even as against her under our statute, it having been acknowledged by her privily and apart from her husband. Pub. Stat. R. I. cap. 166, §§ 4, 7, and 8. But if it were otherwise, we do not see how the defendant McGuinness would be helped, for he was one of the donors of the power, and therefore it must be held in equity binding on his interest. We think, too, that the lot was not sold subject to the power. It was advertised to be sold subject only to the $300 mortgage. When the complainants proclaimed their power, McGuinness denied its validity and went on with the sale. Clearly therefore his purpose was to sell the lot as advertised, and therefore the complainants, who claim to have bought it as sold, are entitled in paying for it to abate the purchase money to an amount which will satisfy and extinguish their claim. The demurrer is overruled.

*Order accordingly.*

*William H. Clapp*, for complainants.
*Edwin D. McGuinness*, for respondents.